UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MELVIN KINDLE, *et al.*                                                                  PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:07-CV-158-S

CITY OF JEFFERSONTOWN, *et al.*                                    DEFENDANTS

## **MEMORANDUM OPINION**

This matter is before the court on the defendants' motion to certify a question of state law to the Kentucky Supreme Court (DN 72) and the plaintiffs' second motion for partial summary judgment (DN 69). For the reasons set forth herein, both motions will be **DENIED**.

## **BACKGROUND**

The plaintiffs in this matter – all former employees of the City of Jeffersontown Police Department ("JPD") – were fired after filing a report that alleged misconduct on the part of JPD Lieutenant Colonel Peggy Emington.[1] The plaintiffs claim that their discharge violated the

---

[1] The facts that gave rise to this case are provided in detail in this court's Memorandum Opinion of January 7, 2009 (DN 62) at 1–8. To summarize: the defendants filed a "protected report" with the Jeffersontown Ethics Commission ("JEC") alleging that Emington had violated Jeffersontown policies, ordinances, and procedures, and that she was engaging in "mismanagement, waste, and abuse of authority." The JEC held a hearing on the report – which the plaintiffs did not attend – and eventually dismissed the report with prejudice. Around the same time, Emington filed a civil service complaint against the plaintiffs, claiming that their report was false or made with reckless disregard for the truth, and alleging that the manner in which the plaintiffs made their report had violated Kentucky law and JPD operating procedures. After a hearing (in which the plaintiffs declined to participate), the Jeffersontown Civil Service Commission found that the plaintiffs had violated three JPD rules, and terminated the plaintiffs' employment pursuant to a Jeffersontown ordinance.

Kentucky Whistleblower Act, KY. REV. STAT. § 61.101 *et seq.*,² as well as their First Amendment rights to free speech. In 2007, the defendants sued the City of Jeffersontown, the Jeffersontown Civil Service Commission, and then-Jeffersontown Mayor Clay Foreman in his individual and official capacities.

On January 9, 2009, this court granted the defendants' motion for summary judgment on all of the plaintiffs' claims (DN 63).³ Among other things, this court held that municipalities (like the City of Jeffersontown) are not political subdivisions of the Commonwealth of Kentucky, and therefore are not "employers" under the Whistleblower Act. Memorandum Opinion (DN 62) at 12. Thus, this court concluded that summary judgment was proper with respect to the plaintiffs' claims against the City.

The plaintiffs appealed this decision to the United States Court of Appeals for the Sixth Circuit, which, after briefing and oral arguments, held that municipalities *are* political

---

²The Act provides, in relevant part:

> No employer shall subject to reprisal . . . any employee who in good faith reports, discloses, divulges, or otherwise brings to the attention of . . . any law enforcement agency or its employees, or any other appropriate body or authority, any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety. No employer shall require any employee to give notice prior to making such a report, disclosure, or divulgence.

KY. REV. STAT. § 61.102(1).

The Act defines an "employer" as "the Commonwealth of Kentucky or any of its political subdivisions" as well as "any person authorized to act on behalf of the Commonwealth, or any of its political subdivisions, with respect to formulation of policy or the supervision, in a managerial capacity, of subordinate employees." KY. REV. STAT. § 61.101(2).

³The court also denied plaintiffs' motion for partial summary judgment.

subdivisions of the state for purposes of the Whistleblower Act. *Kindle v. City of Jeffersontown, Ky.*, 374 Fed. App'x 562, 567 (6th Cir. 2010).[4] In making its decision, the Sixth Circuit relied primarily on *Consolidated Infrastructure Management Authority, Inc. v. Allen*, 269 S.W.3d 852 (Ky. 2008). The Sixth Circuit described its reliance on *Allen* as follows:

> In *Consolidated Infrastructure Mgmt. Auth., Inc. v. Allen*, 269 S.W.3d 852 (Ky. 2008), the Kentucky Supreme Court provided guidance as to whether a municipality is a political subdivision for purposes of the Whistleblower Act. In *Allen*, the Kentucky Supreme Court affirmed a jury trial award under the Whistleblower Act to a former Safety Director of the Consolidated Infrastructure Management Authority ("CIMA") of the cities of Russellville and Auburn, who was fired after reporting numerous safety violations in the Auburn facility. The former employee, Thomas Everette Allen, had worked as Safety Director for the City of Russellville before the city joined with the City of Auburn to form CIMA. After Allen won his jury award, CIMA dissolved and was absorbed by the cities of Russellville and Auburn.
>
> The court held that the judgment, which was entered against the municipal corporation CIMA, continued to be enforceable against the municipalities of Russellville and Auburn after CIMA dissolved. Thus, the court approved of applying the Whistleblower Act to a municipality by upholding the jury award. Regardless of whether the parties raised the issue, the court would have been obligated to overturn the award if the statute did not apply to the defendants.
>
> *Kindle*, 374 Fed. App'x at 565–66.

The Court of Appeals also noted that "the Supreme Court of Kentucky has said that the Whistleblower Act must be liberally construed to serve its remedial purpose," *id.* at 566, and concluded that the plaintiffs in this case are the type of employees that the Act was intended to protect. *Id.* Additionally, the Court of Appeals rejected the defendants' argument that municipalities should not be considered subdivisions of the state under the Whistleblower Act

---

[4]The Sixth Circuit Court of Appeals also reversed this court's decisions with respect to plaintiffs' First Amendment Claims against the City and Foreman and whether the Jeffersontown Civil Service Commission was an entity that could be sued. Those issues, however, are not relevant to the motions addressed in this opinion.

because they are not considered to be such subdivisions under a sovereign immunity analysis. Finally, the Court of Appeals noted that two federal district court decisions decided before *Allen* were not dispositive of the issue. A dissenting judge on the Sixth Circuit panel rejected this analysis, arguing that *Allen* did not speak to the issue before the court and because an unpublished Kentucky Court of Appeals decision had recently concluded that municipalities were not "employers" for purposes of the Whistleblower Act. *See id.* at 571–72 (citing *Wilson v. City of Central City*, No. 2008-CV-001547-MR, 2010 WL 135105 (Ky. Ct. App. Jan. 15, 2010)).

After the Sixth Circuit issued its opinion, the defendants filed a petition for rehearing *en banc*, and included in their petition a request that the Court of Appeals certify the question of whether municipalities are political subdivisions to the Kentucky Supreme Court. The Court of Appeals denied the defendants' petition. DN 72-1. The case was then remanded to this court. The defendants have now moved this court to certify to the Kentucky Supreme Court the question of whether municipalities are political subdivisions of the state under the Whistleblower Act, arguing that the Kentucky Supreme Court "should be given the opportunity to clarify, resolve, and/or otherwise make a definitive ruling with respect to the issue." Def.'s Mot. to Certify Question of State Law (DN 72) at 1. The plaintiffs oppose this motion, arguing that the question of certification has already been decided and is therefore barred by the law of the case doctrine. The plaintiffs have moved for partial summary judgment in their favor on their Whistleblower Act claims.

## ANALYSIS

### I. Defendants' Motion to Certify

Pursuant to the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993)). Pursuant to the "mandate rule," lower courts must adhere to the commands of a superior court. *Id.* (citing *Bell*, 988 F.2d at 251). Thus, as a general rule, these doctrines bar a district court from reconsidering an issue that was expressly or impliedly decided by an appellate court. *See id.* at 1421–22. Here, the plaintiffs argue that because the Sixth Circuit Court of Appeals denied the defendants' motion for rehearing (which included a request for certification), the certification issue has been decided for the purposes of this case. The defendants argue that because the Court of Appeals' order denying rehearing was silent with respect to the certification issue,[5] certification is not barred by the law of the case.

The defendants' argument with respect to this issue is unconvincing. Although the Sixth Circuit's order denying rehearing did not explicitly address the certification question, it nonetheless implicitly denied the defendants' request for certification by denying the petition as a whole. Moreover, in its initial opinion, the Sixth Circuit implicitly acknowledged that there was at the very least sufficient guidance in Kentucky law to allow it to make a decision. Although the Sixth Circuit acknowledged that the Kentucky Supreme Court had not directly

---

[5]The order denying the defendants' petition for rehearing en banc read as follows:

> The court having received a petition for rehearing en banc, which was circulated to all active judges of this court, none of whom requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original panel.
>
> The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied. Judge Guy would grant rehearing for the reasons stated in his dissent.

addressed the question of whether a municipality was a political subdivision of the state for purposes of the Whistleblower Act, it nonetheless concluded that it was able to predict, based on the *Allen* case and the purposes of the Whistleblower Act, the likely result. This court therefore concludes that, by finding guidance from existing law, the Sixth Circuit implicitly found no ambiguity in Kentucky law that would warrant certification to the Kentucky Supreme Court.

The defendants attempt to bolster their case for certification by citing to *In re Beverly Hills Fire Litigation*, 583 F. Supp. 1163 (E.D. Ky. 1984). In *Beverly Hills Fire*, the United States District Court for the Eastern District of Kentucky certified the constitutionality of Kentucky's "no action" statute to the Kentucky Supreme Court. *Id.* at 1165. During an earlier appeal in the case, the Sixth Circuit had determined that the statute was likely unconstitutional under Kentucky law, but explicitly noted that its opinion with respect to the matter was tentative, and that the Kentucky Supreme Court had not yet spoken to the issue. *Id.* at 1164. On remand, the Eastern District of Kentucky found that certification was proper because the question of the statute's constitutionality remained unsettled. *Id.* at 1165.

*Beverly Hills Fire* has little applicability to the case at bar. *Beverly Hills Fire* did not address a situation where, as here, a party had requested that a question be certified to the Kentucky Supreme Court, only to have that request implicitly denied by the Sixth Circuit. Rather, in *Beverly Hills Fire*, no party had sought certification before the case was remanded to the district court. *See id.* at 1165. Thus, the applicability of the law of the case doctrine was not an issue in that case. Additionally, the Sixth Circuit in *Beverly Hills Fire* explained that its assessment of the statute was tentative, and took care to point out that Kentucky courts had not offered an authoritative opinion on the matter. *Id.* at 1164. The Sixth Circuit opinion in this case,

however, contained no such equivocation. Accordingly, we find that *Beverly Hills Fire* is not relevant to the situation at hand. The defendants' motion to certify a question of law to the Kentucky Supreme Court will be denied.

**II. Plaintiffs' Motion for Summary Judgment**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact arises when there is "sufficient evidence on which the jury could reasonably find for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1985). The disputed issue need not be resolved conclusively in favor of the non-moving party, but that party must present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). The evidence must be construed in the light most favorable to the non-moving party. *Blakeman v. Mead Containers*, 779 F.2d 1146, 1150 (6th Cir. 1985).

To establish a violation of Kentucky's Whistleblower Act, an employee must show that (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure. *Davidson v. Com., Dept. of Military Affairs*, 152 S.W.3d 247, 251 (Ky. 2004) (citing *Woodward v. Commonwealth*, 984 S.W.2d 477, 480–81 (Ky. 1998)). The employee bears the initial burden of showing by a preponderance of the evidence

that "the disclosure was a contributing factor in the personnel action." *Id.* (quoting Ky. Rev. Stat. § 61.103(3)). The burden then shifts to the state employer "to prove by clear and convincing evidence that the disclosure was not a material fact in the personnel action." *Id.* (quoting Ky. Rev. Stat. 61.103(3)).

The defendants argue that the plaintiffs have failed to show that they acted in good faith when filing their report pursuant to the Whistleblower Act. The defendants claim, in fact, that the the allegedly unfounded nature of the accusations in the plaintiffs' report and their failure to present evidence to either the Jeffersontown Ethics Commission or the Jeffersontown Civil Service Commission provides evidence of *bad* faith. The plaintiffs argue that the defendants have waived any argument as to bad faith because their interrogatory answers did "not assert that the plaintiffs' bad faith conduct caused or contributed to their terminations." Pl.'s Reply in Support of Mot. for Summ. J (DN 73) at 5.

The plaintiffs' argument fails. For purposes of summary judgment, the burden is on the moving party to show an entitlement to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). Thus, the burden here is on the plaintiffs to show that every element of the test for violation of the whistleblower statute has been met. The fact that the defendants have not alleged *bad* faith on the part of the plaintiffs in discovery responses does not mean that the plaintiffs have met their burden to show the report was made in *good* faith. In fact, the plaintiffs have pointed to no

evidence whatsoever to establish that their report was made in good faith.[6] They are therefore not entitled to judgment as a matter of law, and their motion for summary judgment will be denied.[7]

**CONCLUSION**

For the reasons set forth herein, the defendants' motion to certify a question of law to the Kentucky Supreme Court and the plaintiffs' motion for partial summary judgment will both be denied. A separate order will issue in accordance with this opinion.

---

[6] According to the Kentucky Court of Appeals, "To show that good faith was used in making a report, it is incumbent upon the employee to demonstrate that the report was based on a reasonable belief of accuracy. Further, considering the public policy purposes of the whistleblower statute, the employer must manifest some desire to correct the wrongful activity reported. Surely, it is not good faith to make a report, particularly one based on second-hand knowledge, for a corrupt motive like malice, spite, or personal gain." *Thornton v. Office of Fayette County Attorney*, 292 S.W.3d 324, 331 (Ky. App. 2009).

[7] The defendants also argue that the plaintiffs have failed to show that it is more likely than not that the disclosure was a contributing factor in the personnel action taken against them. The plaintiffs claim that the defendants have "directly linked" the plaintiffs' report to their terminations through discovery responses. However, because the plaintiffs have not shown that the report was made in good faith, their motion for summary judgment fails, and we need not address this argument.